Betty J. COLEMAN, et al. Plaintiffs

v.

CONSECO, INC.; Conseco Senior Health Insurance Company, F/K/A American Travelers Life Insurance Company; Derek Ferguson; Bill Halbert; Vincent Jackson & Fictitious Defendants "A," "B," "C" Defendants

Civil Action No.3:02–CV–1073BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 30, 2002.

Eugene Coursey Tullos, Tullos, Tullos & Tullos, Raleigh, MS, for Betty J. Coleman, All Plaintiffs, Glynn Garry, Ralph McCoy, Marness L. Bacot, Ruth Beck, Edith Ben-netts, Pauline Bradley, Lucille Bullington, Audrey Bush, Wilson Chanove, Betty Clement, Martha Cope, Amy Coppola, Patricia Drishel, Garthedon Embler, Helen Felix, William Fletcher, Matthew Gentene, Ralph Grant, Grace Henry, Alonzo Hess, Keith Holland, Jack Johnston, Betty Kalk-brenner, Letha Kirk, Joseph Kulak, Richard Kyle, Dorothy Lasenberry, Helen Morris, Noah E. Morris, John Mosley, Johnnie Nabors–Scott, Elva Neal, Carolyn Owens, Clara Palmore, Samuel Rosen, Patsy Scent, Helen Sears, Dorothy Settle, Viola Stryker, Joe Sweets, Janet Tantum, Marjorie Thornton, Esther Towne, Freeda Walton, Verna Widhalm, Billy Wiggins, Katharina Leisner, plaintiffs.

Phillip B. Abernethy, P. Ryan Beckett, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Mindy J. Spector, Adam J. Kaiser, David L. Yohai, John P. Mastando, III, Weil, Gotshal and Manges, New York, NY, William C. Bell, William C. Bell, Attorney, Ridgeland, MS, James M. Crews, III, Herring, Long & Joiner, Canton, MS, for Conseco, Inc., Conseco Senior Health Insurance Company, Derek Ferguson, Bill Halbert, Vincent Jackson, John Does, ABC, whether singular or plural, are those other persons, corporations, firms, or other entities whose wrongful conduct causes or contributed to the injuries and damages to plaintiffs, all of whose true and correct names are unknown to plaintiffs at this time, but will be substituted by amendment when ascertained, defendants.

### *OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the following Motions:

1) Motion of Plaintiffs to Remand;

2) Motion of Plaintiffs to Strike Additional Arguments and Exhibits; and

3) Motion of Plaintiffs to Strike Amended Notice of Removal.

Having considered the Motions, Responses Rebuttals, and attachments to each, as well as supporting and opposing authority, the Court finds that:

1) the Motion of Plaintiffs to Remand is not well taken and should be denied;

2) the Motion of Plaintiffs to Strike Additional Arguments and Exhibits is not well taken and should be denied; and

3) Motion of Plaintiffs to Strike Amended Notice of Removal is not well taken and should be denied.

## I. Introduction

In *In Re: Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir.2002) the United States Court of Appeals for the Fifth Circuit adopted the principles of fraudulent misjoinder of plaintiffs set forth in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996). As a result, this Court is confronted with the issue of whether the out-of-state Plaintiffs who were properly joined with the Mississippi Plaintiffs in this case under the Mississippi Rules of Civil Procedure, were egregiously misjoined under the Federal Rules of Civil Procedure. The finding of egregious misjoinder under the Federal Rules and the *Tapscott* "fraudulent misjoinder of plaintiffs" standards serves as an essential element in the defeat of Plaintiffs' Motion to Remand. This issue of first impression for this

Court, as well as other related issues, are considered in this Opinion.

## II. Background and Procedural History [1]

The forty-eight Plaintiffs [2] in this cause of action allegedly purchased long-term care insurance policies (hereinafter "LTC policies") from Defendant Conseco Senior Health Insurance Company (hereinafter "Conseco Senior") [3]. Defendants Derek Ferguson, Bill Halbert (hereinafter "individual Defendants") and Vincent Jackson, were allegedly agents for Conseco Senior who sold some of the policies to some of the Plaintiffs.[4] Alleging that they were fraudulently induced to purchase the LTC policies through deceptive pricing and marketing schemes, Plaintiffs filed suit against Defendants in the Circuit Court of Smith County, Mississippi, on May 22, 2002. Specifically, Plaintiffs contend that they were led to believe that the premiums for their LTC policies would be lower over time than were actually charged by Conseco Senior. Claims of this type have become known as "vanishing premium" claims.

Conseco Senior removed the case to this Court on June 21, 2002, on jurisdictional grounds of diversity of citizenship. Conseco Senior alleges that the individual Defendants were fraudulently joined, and that the out-of-state Plaintiffs were fraudulently misjoined. Conseco Senior thus con-

---

1. The facts stated in this section of the Opinion were generated from several pleadings submitted by the parties. By including the facts herewith, the Court is not attesting to their truthfulness or accuracy.

2. The forty-eight Plaintiffs are citizens of fifteen different states, including but not limited to Mississippi and Pennsylvania.

3. Conseco Senior is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Penn-

sylvania. As such, Conseco Senior is deemed a citizen of Pennsylvania. *See,* 28 U.S.C. § 1332(c)(1). The other corporate Defendant, Conseco, Inc., was dismissed from this case via a Notice of Voluntary Dismissal filed with the Court by Plaintiffs on August 23, 2002.

4. Ferguson and Halbert are resident citizens of the State of Mississippi. Jackson has not been served with process. As such, he is not considered by the Court in this analysis.

tends that the citizenships of the fraudulently joined / misjoined parties should be disregarded in determining whether diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332.

Two requirements must be met before a federal court can exercise diversity of citizenship jurisdiction under § 1332. The requirements are: (1) complete diversity of citizenship between plaintiff(s) and defendant(s); and (2) an amount in controversy exceeding $75,000. The parties agree that the amount in controversy requirement is met. Therefore, the issue to be resolved by the Court is whether the diversity of citizenship requirement is met. For Defendants to succeed in defeating Plaintiffs' Motion to Remand, they must prove *both* fraudulent joinder of the non-diverse individual Defendants, *and* fraudulent misjoinder of the out-of-state Plaintiffs. That is, because of the alignment of parties, failure of Defendants to prove either of these legal theories will destroy complete diversity of citizenship.

Plaintiffs filed the subject Motion to Remand on July 19, 2002. The Motion to Remand is now ripe for consideration.

### III. Motion to Remand

#### A. Standard for Fraudulent Joinder of Defendants

■■■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See, Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.,*

882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin,* 882 F.2d at 190; *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish fraudulent joinder, the removing party must prove: (1) that there was actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999) (citations omitted); *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995); *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995).

■■■ When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *See e.g., Cavallini,* 44 F.3d at 256. *See also, LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir.2000). *See, also Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir.2001) (finding

that the "mere theoretical possibility of recovery under local law" does not preclude removal. "[T]here must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was properly joined. *See, Badon v, RJR Nabisco, Inc.,* 224 F.3d at 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss.2001)(holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *See, Badon,* 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see, Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), but "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and

ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

## B. Analysis—Fraudulent Joinder of the Individual Defendants

### (1) Summary of the Claims in the Complaint

The two individual non-diverse Defendants who have been served with process are Derek Ferguson and Bill Halbert. Ferguson and Halbert were agents for Conseco Senior who allegedly sold some of the LTC policies to some of the Plaintiffs. To analyze whether Ferguson and Halbert were fraudulently joined, the Court must turn to the claims against them as enumerated in the state court Complaint. The following claims are stated in the Complaint.

*Count One, Fraudulent Misrepresentation:* In this Count, Plaintiffs allege that all of the Defendants misrepresented various aspects of subject insurance policies, including but not limited to the true cost of coverage, and the risk of increased premiums over time.

*Count Two, Fraudulent Failure to Disclose:* In summary, Plaintiffs allege in this count that all Defendants failed to disclose that the subject policies were initially offered at inadequate premium rates for the coverages offered, thus making future premium increases inevitable. This Count includes a statement that the individual Defendants "breached their individual professional and fiduciary obligations to Plaintiffs to procure the coverage represented and intentionally misrepresented or [were] grossly negligent in misrepresenting the policies cost and failed to in-

form Plaintiffs that Defendants had the undisclosed intention to increase Plaintiffs' premium rates." *See,* Notice of Removal, unnumbered exhibit, State Court Complaint, p. 13, ¶ 103.

*Count Three, Fraudulent Failure to Disclose:* In this claim, Plaintiffs allege, *inter alia,* that all Defendants "failed to disclose material and true aspects of the contracts of insurance" in question. The pertinent information that Defendants allegedly failed to disclose primarily pertains to the change in premium rates over time.

*Count Four, Fraudulent Concealment:* Plaintiffs contend in this count that all Defendants "concealed material facts relating to the terms of Plaintiffs' long-term care policies."

*Count Five, Fraudulent Suppression:* The allegations in this claim are similar to the allegations stated in count four. That is, Plaintiffs allege that all Defendants suppressed information regarding future price increases of the subject policies.

*Count Six, Negligent Hiring and Training:* This count is not alleged against the individual non-diverse Defendants. Plaintiffs contend that Conseco Senior was negligent in the hiring and training of its employees, and that said negligence resulted in damages to the Plaintiffs.

*Count Seven, Wanton Hiring and Training:* Again, this claim is alleged only against Conseco Senior. Plaintiffs contend that Conseco Senior was wanton in the hiring and training of its employees, and that their intentionally wrongful conduct resulted in damages to the Plaintiffs.

*Count Eight, Unlawful, Unfair or Fraudulent Business Practices and Unjust Enrichment:* In this count, Plaintiffs allege that all Defendants used wrongful business practices to entice Plaintiffs to purchase the subject insurance policies. Plaintiffs further contend that the Defendants were unjustly enriched through use of the allegedly wrongful practices.

In summary, counts one, two and three allege either fraudulent misrepresentation, or fraudulent failure to disclose information. Counts four and five allege fraudulent concealment. Counts six and seven are asserted against Conseco Senior, and not against the individual Defendants. Therefore, these counts can be disregarded in this analysis. Count eight alleges fraudulent and/or unlawful business practices, as well as unjust enrichment.

▮▮ Under Mississippi law, an insurance agent can incur "independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Bass v. California Life Ins. Co.,* 581 So.2d 1087, 1090 (Miss. 1991). Based on the following analysis, the Court finds that Plaintiffs' Complaint does not adequately state causes of action against Ferguson and Halbert to establish independent liability attributable to them.

### (2) Analysis of Counts One Through Three: Fraudulent Misrepresentation and/or Omission

▮▮ Mississippi Rule of Civil Procedure 9(b) states the standards by which a claim of fraud must be pled. Rule 9(b) states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." [5] Analyzing the application of this rule, the Mississippi Supreme Court held:

In all averments of fraud, the circumstances constituting the fraud shall be

---

**5.** Rule 9(b) of the Federal Rules of Civil Procedure is identical to Rule 9(b) of the Mississippi Rules.

stated with particularity. Fraud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated. Rule 9(b), Miss. Rules Civ.Proc.; *McMahon v. McMahon*, 247 Miss. 822, 157 So.2d 494, 495 (1963); Griffith, Mississippi Chancery Practice § 589 (2d ed.1950).

*Brabham v. Brabham*, 483 So.2d 341, 342 (Miss.1986); *see also, Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993). "Conditions of the mind, such as intent and malice, are required to be averred only generally." *Allen v. Mac Tools, Inc.*, 671 So.2d 636, 642 (Miss.1996).

Forty-eight Plaintiffs and two individual Defendants are parties to this suit. The subject Complaint fails to specify which of the two individual Defendants made the allegedly fraudulent statements. The Complaint also fails to specify to which of the forty-eight Plaintiffs the allegedly fraudulent statements were made. Under the pleading standards of Rule 9, the Court cannot assume that both of the individual Defendants made all of the allegedly fraudulent statements to all forty-eight of the Plaintiffs. The Complaint further fails to allege the date on which, and location at which the allegedly fraudulent statements were made. In short, the fraud claims in the Complaint are broad and general allegations which fail to identify the specifics of the fraudulent statements, the person(s) who made the statements, the person(s) to whom the statements were made, and the location(s) and time(s) at which the statements were allegedly made. Under these circumstances, the Court finds that Plaintiffs' fraud claims against the individual Defendants, Ferguson and Halbert, should be dismissed.

In addition to the fraud claim alleged in count two of the Complaint, Plaintiffs allege that Ferguson and Halbert breached their professional duties to them. Under Mississippi law, "[a]n insurance agent owes a duty to his principal to procure insurance policies with reasonable diligence and good faith." *Taylor Machine Works, Inc. v. Great Am. Surplus Lines*, 635 So.2d 1357, 1362 (Miss.1994). As indicated by all of the cases cited by Plaintiffs, a valid claim for breach of a professional duty typically relates to an independent act or omission by the agent in procuring or administering coverage on behalf of the insured. *See, id.* at 1361 (holding that the agent breached a duty to the insured by removing a risk from coverage under a policy of insurance); *Ritchie v. Smith*, 311 So.2d 642, 646 (Miss.1975) (finding a breach of professional duty when an agent procured a policy of insurance from a carrier that was not licensed to do business in the insured's state); *McKinnon v. Batte*, 485 So.2d 295, 297 (Miss.1986) (holding that an agent breached its duty to the insureds by failing to inform them about the proper flood zone classification of the insured property); *Sec. Ins. Agency, Inc. v. Cox*, 299 So.2d 192, 195 (Miss.1974) (finding a breach of professional duty when an agent failed to notify the insured that coverage would not be renewed by the carrier); *Lovett v. Bradford*, 676 So.2d 893, 896 (Miss.1996) (holding that an agent breached a duty to the insured by failing to adequately investigate statements made by the insured on the application for insurance, prior to a loss by the insured).

The Court notes that the breach of professional duty claim alleged by Plaintiffs is not based on *independent* acts or omissions of Ferguson and Halbert. That is, Plaintiffs' breach of professional duty claims are in the context of fraudulent conduct on the part of Defendants. The

claim is included as part of count two, fraudulent failure to disclose. *See,* Notice of Removal, unnumbered exhibit, State Court Complaint, p. 13, ¶ 103. Based on these facts, Plaintiffs' breach of professional duty claims are wholly dependant on their fraud claims. In *Grassi v. Ciba–Geigy, Ltd.,* 894 F.2d 181, 183 (5th Cir. 1990), the court held that "federal courts do possess some inherent authority to look beyond the pleadings in order to protect a litigant's right to diversity jurisdiction." Under the authority espoused in *Grassi,* the Court finds that Plaintiffs' breach of professional duty claims are merely thinly veiled fraud claims that must be pled under the specificity requirements of Rule 9(b) of the Federal and Mississippi Rules of Civil Procedure. As analyzed above, Plaintiffs failed to meet the required pleading standard of Rule 9(b). Therefore, their claims against Ferguson and Halbert for breach of professional duty must be dismissed.

### (3) Analysis of Counts Four and Five: Fraudulent Concealment

 Fraudulent concealment is usually alleged in response to the statute of limitations affirmative defense. In Mississippi, the statute of limitations is tolled under certain circumstances if the tortfeasor fraudulently conceals the existence of the tortious activity. *See,* Miss.Code Ann. § 15–1–67. When fraudulent concealment is raised in response to the statute of limitations defense, it need not be pled under the specificity requirements of Rule 9(b) of the Federal and Mississippi Rules of Civil Procedure. *Smith v. Franklin Custodian Funds, Inc.,* 726 So.2d 144, 147 (Miss.1998). However, in the subject cause of action, Plaintiffs pled fraudulent concealment as a cause of action in their state court Complaint. Without finding that a cause of action for fraudulent concealment is recognized under Mississippi

law, this Court finds that when such claims are pled in a complaint, as the Plaintiffs have done in this case under counts four and five, the claims fall under the purview of "fraud" claims that must be pled specifically under the requirements of Rule 9(b). As analyzed in the previous subsections of this Opinion, plaintiffs failed to meet the pleading requirements of Rule 9(b). As such, their claims for fraudulent concealment against Ferguson and Halbert must fail.

### (4) Analysis of Count Eight: Fraudulent and/or Unlawful Business Practices, and Unjust Enrichment

 Plaintiffs' claim for fraudulent business practices must fail for the reasons presented above; i.e., Plaintiffs failed to plead the claim with specificity, as required by Rule 9(b) of the Federal and Mississippi Rules of Civil Procedure. Plaintiffs' claim for unlawful business practices must also fail because of their failure to cite any statute that Defendants allegedly violated. Regarding Plaintiffs' unjust enrichment claim, "[t]he phrase *'unjust enrichment' does not describe a theory of recovery,* but an effect: the result of a failure.to make restitution under circumstances where it is equitable to do so." 66 Am.Jur.2d *Restitution and Implied Contracts* § 9 (2002) (emphasis added). Plaintiffs have cited no case law establishing "unjust enrichment" as an independent compensable tort, and the Court is aware of none. Therefore, Plaintiffs' claim for unjust enrichment against the individual Defendants should be dismissed.

### (5) Conclusion—Fraudulent Joinder of the Individual Defendants

 For the reasons stated above, the Court finds that the individual non-diverse Defendants, Ferguson and Halbert, were fraudulently joined in this cause of action.

That is, Plaintiffs failed to assert claims against the individual Defendants for which recovery may be awarded in state court. Ferguson and Halbert must therefore be dismissed with prejudice. The Court next considers whether the out-of-state Plaintiffs were fraudulently misjoined to destroy diversity of citizenship jurisdiction.

## C. Standard for Fraudulent Misjoinder of Plaintiffs

■ An emerging legal theory under the umbrella of diversity of citizenship jurisdiction is misjoinder of *plaintiffs*. This theory utilizes many of the same underlying principles set forth above regarding fraudulent joinder of defendants (*see infra*, Section III(A) of this Opinion), as well as the legal principles set forth in this section of the Opinion. Misjoinder of plaintiffs was first adopted by the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). The *Tapscott* court held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Id.* at 1360. However, mere misjoinder is insufficient to rise to the level of fraudulent misjoinder. *Id.* To constitute fraudulent misjoinder, the misjoinder must represent totally unsupported, or "egregious" misjoinder.[6] *Id.; In re Diet Drugs*, No. Civ. A. 98–20478, 1203, 1999 WL 554584 at *3 (E.D.Pa. July 16, 1999). Citing *Tapscott*, the Fifth Circuit recently adopted the misjoinder of plaintiffs theory. *In Re: Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir.2002) (holding that "misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction").

■ Under the binding law set forth in *Benjamin Moore*, this Court must consider misjoinder of plaintiffs in this diversity of citizenship analysis. To begin with, the Court is compelled to consider an omission in the *Tapscott* court's analysis of misjoinder issue. *Tapscott*, which was decided under Alabama law, applied Rule 20 of the Federal Rules of Civil Procedure rather than the applicable Alabama rule. The court provided no reason for application of the Federal Rule. In a fraudulent joinder of defendants analysis under Fifth Circuit law, the test is whether a plaintiff has a possibility of establishing a cause of action against the defendant in *state court*. *Griggs*, 181 F.3d at 699 (citations omitted). In other words, if the plaintiff "has alleged a valid *state-law* cause of action" against the defendant, then the defendant was not fraudulently joined. *Id.* (emphasis added) (citation omitted). Based on the fraudulent joinder standard set forth in *Griggs*, this Court next considers whether the Mississippi Rules of Civil Procedure or the Federal Rules of Civil Procedure should apply in a fraudulent misjoinder of plaintiffs analysis.

Joinder of parties and of claims is governed by Rule 20 of both the Federal Rules of Civil Procedure and the Mississippi Rules of Civil Procedure. The relevant portions of both the Federal Rule and the Mississippi Rule are identical. Both state:

> Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, several-

---

6. Although the misjoinder in *Tapscott* involved the egregious misjoinder of defendants, its rationale also applies to misjoinder of plaintiffs. *Koch v. PLM Int'l, Inc.*, No. Civ. A. 97–0177–BH–C, 1997 WL 907917 at *2 (S.D.Ala. Sept.27, 1997); *Lyons v. The Am. Tobacco Co., Inc.*, No. Civ. A. 96–0881–BH–S, 1997 WL 809677 at *4 (S.D.Ala. Sept.30, 1997).

ly, or in the alternative [1] in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* [2] if any question of law *or* fact common to all these persons will arise in the action.

Fed.R.Civ.P. 20(a); Miss. R. Civ. P. 20(a) (emphasis added). Even though the verbiage of Federal Rule 20 and Mississippi Rule 20 is identical, federal courts and the Mississippi Supreme Court have interpreted the rule differently. Mississippi jurisprudence interprets joinder in a more liberal manner than does federal jurisprudence. The Court must therefore decide whether the Federal Rules or the Mississippi Rules, as well as federal or state case law interpretations of the Rules, apply in this case.

The foundation of authority for the Federal Rules of Civil Procedure is the Rules Enabling Act, 28 U.S.C. § 2071 *et seq.* Regarding the Rules of Civil Procedure, the codified version of the Act states "[s]uch rules shall not abridge, enlarge or modify any *substantive* right." 28 U.S.C. § 2072(b)(emphasis added). Rule 81(c) of the Federal Rules pertains to the applicability of the Rules of Civil Procedure to cases removed from state court. Rule 81(c) states "[t]hese rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Several cases have analyzed these statutes and rules.

An early case dealing with the applicability of the Federal Rules is *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941). *Sibbach* involved a question of whether a federal court could force a party to submit to a medical examination under Rule 35, when state law precedent did not require such. The court held that the Rules Enabling Act "was purposely restricted in its operation to matters of pleading and court practice and procedure." *Id.*, 312 U.S. at 10, 61 S.Ct. at 425. "The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Id.*, 312 U.S. at 14, 61 S.Ct. at 426.

This issue was further addressed by the United States Supreme Court in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). *Hanna* involved whether process should be served under the federal rules or state rules in a diversity of citizenship case. The court held:

Thus, though a court, in measuring a Federal Rule against the standards contained in the Enabling Act and the Constitution, need not wholly blind itself to the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state courts, *Sibbach v. Wilson & Co.*, supra, 312 U.S. at 13—14, 61 S.Ct. at 426—427.... To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act.

*Id.*, 380 U.S. at 473–74, 85 S.Ct. at 1145.

*Hanna* is somewhat confusing based on the following. On the one hand, it implies that the *"substantive v. procedural"* analysis adopted in the *Erie* line of cases in not required in determining whether a federal rule preempts a state rule. *Id.* 380 U.S. at 471, 85 S.Ct. at 1144 (holding that rather than applying an *Erie* analysis to the federal rules, a court should consider only whether the rule in question transgresses the terms of the Rules Enabling Act, or whether the rule is unconstitutional in

some manner). On the other hand, *Hanna* does in fact present an *Erie "substantive v. procedural"* type of analysis. *Id.* 380 U.S. at 465–69, 85 S.Ct. at 1141–43. Nevertheless, many subsequent cases decided by the Fifth Circuit follow the reasoning that unless a rule is beyond the scope of the Rules Enabling Act or unconstitutional, the federal procedural rule preempts a state procedural rule. *See, Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir.2001) (holding that "[i]t is settled that if a Rule on point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of contrary state law." (citation omitted)); *Mullen v. Sears, Roebuck, and Company*, 887 F.2d 615, 617 (5th Cir.1989) (holding that "the relevant rules are federal in all suits in federal court, unless contrary to the Rules Enabling Act or the Constitution; and that there is no *Erie* choice to be made." (citation omitted)); *Douglas v. NCNB Texas Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992).

■ The foregoing cases indicate that the Fifth Circuit is embracing the idea that no *Erie* analysis is required when considering the subject issue. However, regardless of the label placed on the test, a court must consider the "*substantive v. procedural*" analysis because the authority vested in the federal court system by the Rules Enabling Act is clearly limited to "procedural" rules. Under *Sibbach*, a rule is "procedural" in nature if it pertains to "the judicial process for enforcing rights and duties recognized by substantive law

and for justly administering remedy and redress for disregard or infraction of them."[7] This Court finds that the joinder provisions of Rule 20 are procedural in nature. The Rule relates to the process of enforcing rights, rather than creating substantive rights. As this rule is procedural in nature, it is not contrary to the Rules Enabling Act. Finally, no valid argument can be made that Rule 20 is unconstitutional in any way. Therefore, the Court concludes that Federal Rule 20, rather than Mississippi Rule 20, applies to the subject fraudulent misjoinder of plaintiffs issue.

To support this conclusion, the Court searched for Fifth Circuit law specifically dealing with Rule 20. The only case that was not discussed above which deals with Federal Rule 20 in comparison to a comparable state rule is *Texas Employers Ins. Ass'n v. Felt*, 150 F.2d 227 (5th Cir.1945). The court held:

> The Texas procedure relative to alternative actions is identical with Rule 20 of the Federal Rules of Civil Procedure. Therefore, we do not need to distinguish between state and federal procedural law except to say that removal procedure is governed by federal statutes and that *after the cause has been removed the procedure is governed by the federal rules.*

*Id.* at 230–31 (emphasis added) (footnotes omitted). As the Texas rule and the federal rule were identical, the court did not have to choose between application of one or the other. However, the emphasized

---

7. Another test to apply in the *"substantive v. procedural"* analysis is set forth in *Stokes v. Southeast Properties, Ltd.*, 877 F.Supp. 986, 999 n. 11 (W.D.N.C.1994), stating:

> By the term "procedure" is meant the mode of procedure by which a legal right is enforced, as distinguished from the substantive law which gives or declares the

right. Procedure is the machinery for carrying on the suit, including pleading, process, evidence, and practice. Matters dealing with the conduct of the lawsuit are procedural, and everything else substantive. See 16 Am.Jur.2d Conflict of Laws § 3, n. 25 and 26.

dicta stated in the last sentence is telling. The court implied that it would apply the federal rule if it were forced to choose. *Texas Employers Ins.* provides further support for the conclusion that Federal Rule 20 applies to the subject issue. The following analysis therefore considers whether the out-of-state Plaintiffs were fraudulently misjoined in this cause of action under Federal Rule 20 and under the law set forth in the *Tapscott* line of cases, and not under Mississippi Rule 20.

### D. Analysis—Fraudulent Misjoinder of Plaintiffs

Plaintiffs all purchased LTC policies from Conseco Senior. Only three of the Plaintiffs are citizens of Mississippi. Conseco Senior alleges that the nonresident Plaintiffs were fraudulently misjoined to defeat diversity of citizenship jurisdiction. To determine whether the nonresident Plaintiffs were misjoined, the court looks to Rule 20 of the Federal Rules of Civil Procedure, as well as federal case law interpretations of Rule 20 in the context of fraudulent misjoinder of plaintiffs.

 Based on the language of Federal Rule 20(a), two tests must be met before multiple plaintiffs can be joined in a single cause of action. *Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 n. 11 (5th Cir.1995) (citation omitted). First, the event giving rise to plaintiffs' losses must be based on the same series of transactions or occurrences. *Id.* Second, a question of law or a question of fact must be common to all of the plaintiffs. *Id.* The requirements of Rule 20 must be flexibly applied on a case by case basis. *See generally, Demboski v. CSX Transp., Inc.*, 157

F.R.D. 28, 29 (S.D.Miss.1994) (citation omitted). "Although the purpose of Rule 20 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits,' it is well established that unrelated claims may be severed to promote the interests of some of the parties." *Id.* (citation omitted).

 In addition to the two tests set forth in Rule 20, a third test must be considered when applying the fraudulent misjoinder of plaintiffs analysis established in *Tapscott.* "[C]ollusive joinder to defeat the diversity jurisdiction of the federal courts" must also be present. *Koch,* 1997 WL 907917 at *4; *see also, Rudder v. Kmart Corp.,* No. Civ. A. 97–0272–BH–S, 1997 WL 907916 at *6 (S.D.Ala. Oct.15, 1997).

 The subject cause of action is a "vanishing premiums" case in which Plaintiffs allege, *inter alia,* that they were fraudulently led to believe that the premiums on the subject insurance policies would be lower over time than Defendant Conseco Senior ultimately charged. The case was brought in Mississippi state court by forty-eight Plaintiffs, only three of which are Mississippi residents.[8] The remainder of the Plaintiffs reside in fourteen other states, including but not limited to Pennsylvania. For diversity of citizenship purposes, Conseco Senior is a resident of Pennsylvania.[9] Conseco Senior alleges that all of the Plaintiffs residing in states other than Mississippi (hereinafter "out-of-state Plaintiffs") were fraudulently mis-

---

**8.** The three Plaintiffs who reside in Mississippi are: (1) Betty J. Coleman; (2) Glynn Gary; and (3) Ralph McCoy.

**9.** As the Court found that the individual Defendants who have been served with process,

Derek Ferguson and Bill Halbert were fraudulently joined (*see supra,* Section III(B) of this Opinion, their citizenships need not be considered in the fraudulent misjoinder analysis).

joined to destroy diversity of citizenship jurisdiction. The Court agrees.

As the misjoinder of plaintiffs legal theory was only recently adopted by the Fifth Circuit, this Court must look to legal precedent on this issue from other jurisdictions. The first case considered is *Rudder*, 1997 WL 907916. *Rudder* involved a suit filed in Alabama state court by three plaintiffs, two of which were Alabama residents, and one of which was a resident of Michigan. The sole defendant was Kmart Corporation (hereinafter "Kmart"), a resident of Michigan. The suit was based on the alleged fraudulent sale by Kmart of used auto batteries as new batteries. The Michigan plaintiff purchased batteries at Kmart stores in Michigan and Alabama. However, the Alabama purchase occurred after he initiated suit against Kmart. The Alabama plaintiffs purchased their batteries at Kmart stores in Alabama. Kmart removed the case to Alabama federal court on the jurisdictional basis of diversity of citizenship. Kmart alleged that the Michigan plaintiff was fraudulently misjoined to destroy diversity of citizenship jurisdiction. Finding that the Michigan plaintiff was fraudulently misjoined under Rule 20, the *Rudder* court held:

> Clearly, McGuire [the Michigan Plaintiff] and the other plaintiffs do not "assert a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences." McGuire's Alabama purchase—assuming arguendo that it could possibly form the predicate for a valid cause of action—occurred in complete factual, temporal and geographic isolation from Rudder's and Soleman's [the Alabama plaintiffs]. The record contains no evidence of any connection whatsoever between the plaintiffs or their respective transactions. Indeed, McGuire testifies in essence that he has never spoken to either William Rudder or Cissy Soleman. The

record reflects no reason why the joinder of McGuire, a Michigan resident, to the other two plaintiffs, Alabama residents, would serve any legitimate purpose of fairness or judicial efficiency. In short, the claims of McGuire, and Rudder and Soleman, are not claims that a reasonable person would normally expect to be tried together.

*Rudder*, 1997 WL 907916 at *5 (citations and footnotes omitted); *see also, In re: Diet Drugs*, 1999 WL 554584 (holding that multiple out-of-state plaintiffs were fraudulently misjoined in a suit against pharmaceutical companies for the purpose of defeating diversity of citizenship jurisdiction).

As in *Rudder*, the out-of-state Plaintiffs' claims in the subject case "occurred in complete factual, temporal and geographic isolation" from the claims of the three Mississippi Plaintiffs. Plaintiffs presented no evidence to the Court that their transactions were related in any way. For these reasons, the *Rudder* decision supports a finding that the out-of-state Plaintiffs in this case were fraudulently misjoined to defeat federal diversity of citizenship jurisdiction.

Another relevant case is *Velasquez v. Crown Life Ins. Co.*, Nos. Civ A. No. M–97–064, MDL 1096, 1999 WL 33305652 (S.D.Tex. Aug.10, 1999). Like the subject case, *Velasquez* involved the issue of "vanishing premiums." The facts supporting plaintiffs' claims against Crown Life Insurance Co. were similar to the facts of the subject case. The issue before the *Velasquez* court was whether the plaintiffs were entitled to class certification under Rule 23 of the Federal Rules of Civil Procedure. The class certification issue is similar to the joinder issue before this Court because "[t]o obtain class certification under Rule 23(b)(3) plaintiff must

establish that questions of law and fact common to the members of the class 'predominate' over questions that only affect individual class members, and that a class action is superior to other means of fairly and efficiently adjudicating the controversy." *Id.* at *3. Because of the similarities of the tests under Rule 23 class certification and Rule 20 joinder of plaintiffs, *Velasquez* provides valuable guidance to this Court on the subject issue. The *Velasquez* court denied class certification because "individualized issues predominate[d]" over common issues between the plaintiffs. *Id.* at *4. The plaintiffs claims represented "individualized questions of misrepresentation, scienter, reliance, and causation that predominate over common questions related to the allegedly false" representations. *Id.* at *5.

Plaintiffs' fraud claims in the subject case, as well as the facts supporting the claims, are similar to the facts and claims in *Velasquez.* Individualized issues and individualized questions of misrepresentation predominate over issues common to all Plaintiffs. The *Velasquez* decision therefore provides further support for a finding that the out-of-state Plaintiffs were misjoined in this case.

Considering the specific facts of this case, the Court finds that it should follow the precedent set forth above, and find that the out-of-state Plaintiffs were egregiously misjoined for the purpose of defeating federal diversity of citizenship jurisdiction. In reaching this conclusion, the Court considers the tests for joinder under Rule 20. The first test is whether Plaintiffs' losses were based on the same series of transactions or occurrences. They were not. Each Plaintiff purchased a separate LTC policy of insurance from Conseco Senior, and the policies were purchased at different times, from different agents, at different locations. The second test is whether Plaintiffs' claims were based on common questions of law, or common questions of fact. Again, they were not. The applicable law for each claim will be the law of the state in which each plaintiff entered into their respective contracts of insurance. The facts will also vary as to each Plaintiff because the sale of the LTC policies occurred at different times and over a geographic area spanning fifteen states. Based on these facts and available persuasive case law, the Court finds that the out-of-state Plaintiffs were fraudulently misjoined for the purpose of defeating federal jurisdiction. The Court will therefore dismiss the forty-five out-of-state Plaintiffs pursuant to Rule 21 of the Federal Rules of Civil Procedure.[10] As their dismissal is not on the merits, they will be dismissed without prejudice.

### E. Conclusion—Motion to Remand

Based on the alignment of parties in the state court Complaint, federal diversity of citizenship was destroyed for two reasons. First, the three Plaintiffs and both of the individual Defendants who were served with process are Mississippi residents. Second, two Plaintiffs are Pennsylvania residents, while Defendant Conseco Senior is also a resident of Pennsylvania for diversity of citizenship purposes. Under the findings presented above, complete diversity of citizenship now exists because all of the out-of-state Plaintiffs, as well as both of the individual Mississippi Defendants are dismissed herewith. Also, the amount in controversy requirement of 28 U.S.C. § 1332 is met. The Court therefore finds that as all of the requirements for diversi-

---

10. Rule 21 states in relevant part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

ty of citizenship jurisdiction are met, Plaintiffs' Motion to Remand is not well taken and should be denied.

## IV. Analysis—Plaintiffs' Motion to Strike Amended Notice of Removal and Plaintiffs' Motion to Strike Additional Arguments and Exhibits

### A. Plaintiffs' Motion to Strike Amended Notice of Removal

■ Conseco Senior filed its original Notice of Removal with this Court on June 21, 2002. On July 16, 2002, Conseco Senior filed its Amended Notice of Removal, the sole purpose of which was to correct an error in the original Notice. The original Notice stated that Conseco Senior was incorporated under the laws of the State of Pennsylvania, with its principal place of business in the State of Indiana. The Amended Notice corrected this statement to properly reflect that Conseco Senior is both incorporated under the laws of the State of Pennsylvania, and has its principal place of business in Pennsylvania.

In the Motion to Strike Amended Notice of Removal, which was filed on August 14, 2002, Plaintiffs contend that the Amended Notice should be stricken because it was filed outside of the thirty day time period for removal allowed by 28 U.S.C. § 1446(b). The Court disagrees. Under 28 U.S.C. § 1653, defective allegations of jurisdiction in a pleading may be amended. *See also, Wright v. Combined Ins. Co. of Am.,* 959 F.Supp. 356, 359–60 (N.D.Miss. 1997). As the correction made by Conseco Senior in the Amended Notice of Removal pertains to a correction of jurisdictional facts, the Court finds that the pleading is proper. Therefore, Plaintiffs' Motion to Strike Amended Notice of Removal is not well taken and should be denied.

### B. Plaintiffs' Motion to Strike Additional Arguments and Exhibits

Plaintiffs filed their Motion to Strike Additional Arguments and Exhibits with the Court on August 14, 2002. In the Motion, Plaintiffs seek to strike any arguments and supporting exhibits contained in the Response of Conseco Senior to Plaintiffs' Motion to Remand that were not included in the Notice of Removal or Amended Notice of Removal. The Court need not address the merits of Plaintiffs' arguments because the findings rendered herewith are based upon arguments that were stated in the original Notice of Removal; i.e., fraudulent joinder of the individual Defendants, and fraudulent misjoinder of the out-of-state Plaintiffs. As such, Plaintiffs' Motion to Strike Additional Arguments and Exhibits should be denied as moot.

## V. Conclusion

Based on the analysis and rulings presented above:

· IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Remand [15–1] is hereby denied. The following fraudulently joined Defendants are hereby dismissed with prejudice: (1) Derek Ferguson; and (2) Bill Halbert. A Final Judgment dismissing Ferguson and Halbert will be entered on this day. The only remaining Defendant is Conseco Senior Health Insurance Company. The following fraudulently misjoined Plaintiffs are hereby dismissed without prejudice: (1) Marness L. Bacot; (2) Ruth Beck; (3) Edith Bennetts; (4) Pauline Bradley; (5) Lucille Bullington; (6) Audrey Bush; (7) Wilson Chanove; (8) Betty Clement; (9) Martha Cope; (10) Amy Coppola; (11) Patricia Drishel; (12) Garthedon Embler; (13) Helen Felix; (14) William Fletcher; (15) Matthew Gentene; (16) Ralph Grant; (17) Grace Henry; (18) Alonzo Hess; (19) Keith Holland; (20) Jack Johnston; (21) Betty Kalkbrenner; (22) Letha Kirk; (23) Joseph Kulak; (24)

Richard Kyle; (25) Dorothy Lasenberry; (26) Katharina Leisner; (27) Helen Morris; (28) Noah E. Morris; (29) John Mosley; (30) Johnnie Nabors–Scott; (31) Elva Neal; (32) Carolyn Owens; (33) Clara M. Palmore; (34) Samuel Rosen; (35) Patsy Scent; (36) Helen Sears; (37) Dorothy Settle; (38) Viola Stryker; (39) Joe Sweets; (40) Janet Tatum; (41) Marjorie Thornton; (42) Esther Towne; (43) Freeda Walton; (44) Billy Wiggins; and (45) Verna Widhalm. The Plaintiffs remaining as parties to this cause of action are: (1) Betty J. Coleman; (2) Glynn Garry; and (3) Ralph McCoy.

IT IS FURTHER ORDERED that the Motion of Plaintiffs to Strike Additional Arguments and Exhibits [23–1] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiffs to Strike Amended Notice of Removal [24–1] is hereby denied.