# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-01344-SCT

*STATE INDUSTRIES, INC.,*
*A TENNESSEE CORPORATION*

*v.*

*MAXINE HODGES, INDIVIDUALLY AND AS A*
*WRONGFUL DEATH BENEFICIARY OF*
*MICHELLE DENISE HODGES, AND LASHONDA*
*LAWONDA HODGES, A MINOR AND WRONGFUL*
*DEATH BENEFICIARY OF MICHELLE DENISE*
*HODGES*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/07/2004 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT BULL |
| | WILLIAM M. DALEHITE, JR. |
| | LANNY R. PACE |
| | TRAVIS J. RHOADES |
| ATTORNEYS FOR APPELLEES: | SHEILA M. BOSSIER |
| | RICHARD A. FREESE |
| | DENNIS C. SWEET, III |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED AND REMANDED - 01/05/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     On September 6, 1992, eight-year-old Michelle Denise Hodges was burned when a gas-fired hot water heater located in her grandparents' home exploded. Hodges died from her

injuries thirteen days later. Hodges's mother and sister filed a wrongful death suit in the Circuit Court of Holmes County in 1999 naming Mississippi Valley Gas Company as the primary defendant. State Industries, Inc. was joined as a defendant in the suit by the plaintiffs in an amended complaint on June 11, 2002. The amended complaint alleged that a gas-fired water heater manufactured by State Industries was the source of ignition of flammable vapors that caused Michelle's injuries. Because the amended complaint implicating State Industries was filed nearly ten years after Michelle's death, the applicable three-year statute of limitations under Miss. Code Ann. § 15-1-49 (Rev. 2003) would normally apply and prevent the plaintiffs' claim against State Industries. Plaintiffs' amended complaint alleged fraudulent concealment by State Industries of documents and information concerning Michelle Hodges's death in an obvious attempt to escape dismissal under the applicable statute of limitations. State Industries filed a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) due to the untimeliness of the claim and for failure to state a legally sufficient claim of fraudulent concealment to toll the statute of limitations. The circuit court held a hearing on State Industries' motion to dismiss and found that the plaintiffs had adequately pled fraudulent concealment to defeat a motion to dismiss on the pleadings. The circuit court also denied a motion by State Industries to certify an appeal and stay the case. State Industries obtained this Court's permission to seek an interlocutory appeal of the circuit court's denial of the motion to dismiss. See M.R.A.P. 5. We affirm and remand.

## DISCUSSION

2

¶2.    We review questions of law, like motions to dismiss, de novo. ***Richardson v. Sara Lee Corp.***, 847 So. 2d 821, 823 (Miss. 2003); ***Nguyen v. Miss. Valley Gas Co.***, 859 So.2d 971, 976-77 (Miss. 2002).   However, the decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed unless that discretion is abused. ***Missala Marine Servs., Inc. v. Odom***, 861 So. 2d 290, 294 (Miss. 2003); ***Nguyen***, 859 So. 2d at 977; ***Roebuck v. City of Aberdeen***, 671 So. 2d 49, 51 (Miss. 1996).

¶3.    The issue in this appeal is whether fraudulent concealment alleged in a complaint to toll the statute of limitations must be pled with particularity under Mississippi Rule of Civil Procedure 9(b).   The statute of limitations on a plaintiff's claim can be tolled by a defendant's fraudulent attempts to hide a potential cause of action from that plaintiff.   Miss. Code Ann. § 15-1-67 (Rev. 2003) states that "if a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered."

¶4.    The Hodgeses' complaint alleges that State Industries fraudulently concealed information concerning Michelle's death in order to prevent discovery of any legal liability on their part.   Only two paragraphs in the amended complaint are applicable to their claim of fraudulent concealment of the cause of action by State Industries:

> 9.       Shortly thereafter, the United States Product Safety Commission ("USPSC") on September 29, 1992 conducted an investigation into the burning death of Michelle Hodges. The results of USPSC's investigation, which concluded that vapors from gasoline located in the storeroom were ignited by the pilot light for the water heater, were subsequently forwarded to SII [State Industries]. Following receipt of USPSC's report, SII actively concealed the contents of the report and the dangerous, defective and hazardous condition of

3

the water heater that caused Michelle Hodges' death from Ms. Hodges and others with the intent and result that plaintiffs not discover their cause of action against SII.

26.     The gas-fired water heater manufactured, designed, tested, marketed, distributed and sold by SII was defective and unreasonably dangerous. At the time of its design, manufacture, testing, marketing, distribution, and sale of the subject water heater, SII knew that the subject water heater was defective and unreasonably dangerous. Despite this knowledge, SII actively concealed the defective, dangerous, and hazardous condition of the water heater from the general public, including plaintiffs, with the intent and result that plaintiffs not discover their cause of action against SII.

State Industries filed a motion to dismiss alleging that the amended complaint was factually insufficient in its fraudulent concealment allegation because it lacked the specificity that special pleadings require under Mississippi Rule of Civil Procedure 9(b).[1]     The Hodgeses argued that their allegation of fraudulent concealment did not violate any pleading rules pursuant to *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144 (Miss. 1998). The circuit court denied State Industries' motion to dismiss based on the language in *Smith*.

¶5.     When fraudulent concealment and other fraud-based allegations are asserted, the failure to plead sufficiently will result in the dismissal of the complaint. *Stephens v. Equitable Life Assurance Society*, 850 So. 2d 78 (Miss. 2003). *See also Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 813 (S.D. Miss. 2002) (finding that if under Mississippi law fraudulent concealment is a cause of action then it must be pled with specificity). According to the Comment to M.R.C.P. 9(b), "'[c]ircumstances' refers to matters *such as* the time, place, and contents of the false representation, in addition to the identity of the person who made them

---

[1] While M.R.C.P. 8(a) does not require specificity in pleadings generally, M.R.C.P. 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

4

and what he obtained as a result." (emphasis added). In paragraph 9 of the First Amended Complaint the plaintiffs state that the USPSC investigation took place on September 29, 1992, and the report was "subsequently forwarded to SII"; that the substance of the fraudulent concealment was the USPSC report; that the identity of the party responsible for the fraudulent concealment was SII; and that the result of the concealment was that "plaintiffs [did] not discover their cause of action against SII." Given these allegations, the circuit court did not abuse its discretion in finding that fraudulent concealment had been sufficiently pled to defeat a motion to dismiss on the pleadings. The M.R.C.P. 9(b) particularity requirement was satisfied in the substance of the First Amended Complaint.

## CONCLUSION

¶6. This Court finds that when fraudulent concealment or other fraud-based allegations are asserted in a complaint they must be pled with specificity and particularity under M.R.C.P. 9(b). While minimal, the Hodgeses' pleadings were factually particular enough to satisfy M.R.C.P. 9(b), and the circuit court's decision to deny State Industries' motion to dismiss was not an abuse of discretion. Whether the alleged fraudulent concealment will toll the statute of limitations is a question not before us. Accordingly, we affirm the trial court's

5

order denying State Industries' motion to dismiss, and we remand this case to the trial court for further proceedings consistent with this opinion.

¶7.   **AFFIRMED AND REMANDED.**

**EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY.  SMITH, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COBB, P.J., AND DICKINSON, J.  DIAZ, J., NOT PARTICIPATING.**

**SMITH, CHIEF JUSTICE, DISSENTING:**

¶8.   The plurality accurately identifies, the issue in this appeal as whether the allegation of fraudulent concealment asserted in the plaintiffs's complaint must be stated with particularity under M.R.C.P. 9(b).[2]   The complaint merely sets forth the term "fraudulent concealment," and does not aver such fraud with particularity in the amended complaint, as required by M.R.C.P. 9(b).

¶9.   The plurality also points out that both the plaintiffs and the circuit court in this matter rely on this Court's opinion in ***Smith v. Franklin Custodian Funds, Inc.***, 726 So. 2d 144 (Miss. 1998), to support their contentions.  ***Smith*** states:

> the statute of limitations is an affirmative defense.  Our rule does not provide for a responsive pleading after the assertion of an affirmative defense.  M.R.C.P. 7(a).  The comment to Rule 7 states: 'Affirmative defenses in the answer are deemed denied or avoided, and a reply is required if the answer contains a counterclaim denominated as such.  Otherwise, a reply is unauthorized and may be stricken or disregarded.'  Comment, M.R.C.P. 7.  Fraudulent concealment raised in response to the statute of limitations defense is not to be plead at all."

---

[2] The relevant sentence of M.R.C.P. 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." (Emphasis added).

*Id.* at 147. However, the language at issue is merely dicta, as evidenced by the preceding passage in *Smith*,

> Franklin Funds notes that Mississippi Rule of Civil Procedure 12(b)[3] requires that fraud be pled with particularity. Franklin Funds maintains that as a species of fraud, fraudulent concealment must also be pled with particularity. This argument is brought for the first time on appeal. It is well settled that this Court will not address issues raised for the first time on appeal.

*Id.* (Citations omitted). The plurality does not expressly rely on *Smith*, and fails to cite any viable authority in support of its contentions.

¶10. The plurality astutely notes that a failure to sufficiently plead fraudulent concealment will result in the complaint being dismissed. *Stephens v. Equitable Life Assurance Soc'y*, 850 So. 2d 78 (Miss. 2003); *Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 813 (S.D. Miss. 2002). Further, "[f]raud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated." *Allen v. Mac Tools, Inc.*, 671 So. 2d 636, 642 (Miss. 1996). The plaintiffs in their brief to this Court submit that each element of fraudulent concealment is sufficiently pled with particularity, so that relief may be granted. Further, plaintiffs use a three-part test as set forth in *Medicomp, Inc. v. Marshall*, 878 So. 2d 193 (Miss. Ct. App. 2004). Although this Court is not bound by the *Marshall* opinion, the relaxed test *Marshall* sets forth is fatal to plaintiffs' contentions that fraudulent concealment was present and tolled the statute of limitations in this instance. This test applies as follows, in order for tolling of the statute of limitations to occur due to a fraudulent concealment, this

---

[3]This Court's opinion in *Smith* mistakenly identifies M.R.C.P. 12(b) as requiring "that fraud be pled with particularity." M.R.C.P. 9(b) is the rule.

Court must find that: (1) State Industries knew that it had caused plaintiff's injuries; (2) State Industries engaged in affirmative acts to conceal its role in causing the injury; and (3) plaintiffs acted with due diligence in attempting to discover the cause of the injury, but were unable to do so because of State Industries' affirmative acts of concealment. There is nothing in the record to indicate that even one of these prongs has been met.

¶11. Additionally, *Marshall* as is the case in the present matter decrees that "[plaintiff] only makes the allegation that pertinent facts were fraudulently concealed. He fails entirely to identify an act or conduct of an affirmative nature on the part of [defendant] that was designed to prevent and which did prevent discovery of the claim." *Id*. at 198. More importantly, in *Marshall*, the Court of Appeals stated that "[i]t appears that the fraudulent concealment argument was advanced as a 'savings' option because without it the statute of limitations on negligence actions would have barred any action against [defendant] at that time." *Id*. at 199. In my opinion the Court of Appeals was correct in its application of M.R.C.P. 9(b) in the *Marshall* case and that the same application should apply to the case at bar.

¶12. Furthermore, this Court stated in ***McMahon v. McMahon***, 247 Miss. 822, 834, 157 So. 2d 494 (1963),

> no principle is more firmly settled or more familiar to the profession than that *fraud will not be inferred or presumed, and cannot be charged in general terms, but that the specific and positive facts which constitute it must be distinctly any definitely averred, and it must be shown that defendants participated therein.*

8

(citing **Jones v. Rogers**, 85 Miss. 802, 38 So. 742 (1904) (emphasis added)).  This precedent essentially codifies the current M.R.C.P. 9(b), which plaintiffs seek to circumvent in this instance.

¶13.　The plurality thus concludes that fraudulent concealment asserted as a cause of action in a complaint must be pled with particularity under M.R.C.P. 9(b), yet claims of fraudulent concealment for tolling purposes do not require particularity.  I see insufficient authority supporting the plurality's tolling contention.  It is apparent that if plaintiffs were allowed to merely allege fraudulent concealment to trump the statute of limitations then the statute, as well as M.R.C.P. 9(b), would be rendered meaningless.  Statutes of limitation are vital to the judicial system because they encourage promptness in bringing actions and promote justice. **United States v. Marion**, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971).  Therefore, in order to avoid such an undesired result the statute of limitations and M.R.C.P. 9(b) should be applied globally. Thus, fraudulent concealment must be pled with particularity.

¶14.　Furthermore, under M.R.C.P. 12(b) there are certain defenses that need not be made in the answer, these defenses may be made by motion.[4]  In the case at bar, under M.R.C.P. 12(b)(6) the plaintiff has failed to state a claim upon which relief can be granted on the face

---

[4]M.R.C.P. 12(b) provides in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

> **(6) Failure to state a claim upon which relief can be granted**

(emphasis added)**.**

of the complaint, due to the expiration of the statute of limitations. Moreover, while plaintiffs are not required to anticipate affirmative defenses, they are required to plead a prima facie case in their complaint in order to avoid dismissal. Without including more particular facts regarding fraudulent concealment as M.R.C.P. 9(b) requires, the plaintiffs' complaint fails to state a claim upon which relief can be granted. Thus, plaintiffs' complaint should have been dismissed in accordance with the defendant's motion to dismiss under M.R.C.P. 12(b)(6).

¶15. I do not condemn the notion of refiling the complaint anew in this matter. However, unless the plaintiffs file a complaint that complies with the particularity requirements of M.R.C.P. 9(b), the complaint should not survive a motion to dismiss for failure to state a claim under M.R.C.P. 12(b)(6).

¶16. The plurality calls attention to the Comment to M.R.C.P. 9(b) which states, "'[c]ircumstances' refers to matters *such as* the time, place, and contents of the false representation, in addition to the identity of the person who made them and what he obtained as a result." (emphasis added by plurality). Contrary to the plurality's rationale, this comment does not set out a hardline test for discovering and pleading each and every circumstance associated with fraud. This language is not exclusive; it is merely illustrative.

¶17. The comment to M.R.C.P. 9(b) also states that "fraud will not be inferred or presumed and cannot be charged in general terms; the specific facts which constitute fraud must be definitely averred."[5] The plaintiffs did not specifically aver the elements of fraudulent concealment. They merely offered general terms of fraudulent concealment randomly

---

[5]See **McMahon**, 247 Miss. at 834, 157 So. 2d 494.

throughout her complaint in order to elude dismissal. Nevertheless, the plurality relies on these general terms. This does not comply with the rule.

¶18. The circuit court abused its discretion in failing to grant the motion to dismiss without prejudice. For the above-stated reasons, I cannot agree with the majority's affirmance of the circuit court judgment. Therefore, this case should be reversed. Accordingly, I respectfully dissent.

**COBB, P.J., AND DICKINSON, J., JOIN THIS OPINION.**