309 F.3d 296
 In Re: BENJAMIN MOORE & COMPANY, wholly-owned subsidiary of Berkshire Hathaway, Inc.; Berkshire Hathaway, Inc.; NL Industries, Inc.; Valhi, Inc., holder of 10% or more of NL publicly-traded stock; Tremont Corp., holder of 10% or more of NL publicly-traded stock; Sherwin-Williams Company, Petitioners.
 No. 02-60714.
 United States Court of Appeals, Fifth Circuit.
 October 4, 2002.
 
 Dudley Collier Graham, Jr., Wise, Carter, Child & Caraway, Jackson, MS, for Benjamin Moore & Co.
 F. Ewin Henson, III, James E. Upshaw, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, Mark Claibrone Carroll, Upshaw, Williams, Biggers, Beckham & Riddick, Ridgeland, MS, for all Petitioners.
 William Hugh Gillon, IV, Upshaw, Williams, Biggers, Beckham & Riddick, Ridgeland, MS, Antony B. Klapper, Michael D. Jones, Eric B. Wolff, Kirkland & Ellis, Washington, DC, for NL Industries, Inc.
 John G. Corlew, Watkins & Eager, Jackson, MS, for Sherwin-Williams Co.
 Timothy W. Porter, Patrick Cash Malouf, Porter & Malouf, Jackson, MS, John A. Foxworth, Jr., Michael J. Casano, Foxworth & Casano, Gulfport, MS, for all Plaintiffs-Respondents.
 Robert Allred Pritchard, Christopher Eugene Fitzgerald, Robert Pritchard Law Firm, Pascagoula, MS, Robert F. Wilkins, Pritchard Law Firm, Jackson, MS, for Washington, Reed, Hicks and Johnson.
 Mark W. Davis, Ronald Martin Feder, Davis & Feder, Gulfport, MS, for Randle, Helm and Harrell.
 Roland M. Slover, Thomas W. Tardy, III, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Alexander Hardware Co., Inc., Concordia Contracting Co., Inc., Feltus Bros. Ltd., Hudson Salvage, Inc., Tyson Lumber Co. of Natchez, Stine, Inc. and True Value Hardware.
 William N. Graham, Aultman, Tyner, Ruffin & Yarborough, Hattiesburg, MS, for Clairborne Hardware Inc.
 Fred H. Krutz, III, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Concordia Contracting Co., Inc., Feltus Bros. Ltd., Hudson Salvage Inc., Tyson Lumber Co. of Natchez, Stine, Inc. and True Value Hardware.
 Luke M. Dove, Dove & Chill, Jackson, MS, for Darsey, Hirschs Store and Lane Hardware, Inc.
 Stephen W. Rimmer, Watkins, Ludlam, Winter & Stennis, Jackson, MS, for Frierson Bldg. Supply Co.
 James Tucker Mitchell, John Evans Gough, Jr., Copeland, Cook, Taylor & Bush, Ridgeland, MS, for Salvage & Liquidation Inc.
 Lawrie E. Demorest, Alston & Bird, Atlanta, GA, Richard F. Yarborough, Jr., Jennifer L. Walley, Aultman, Tyner, Ruffin & Yarborough, Columbia, MS, for Lowes Home Centers Inc.
 William F. Riley, Riley & Callaway, Natchez, MS, for Macs Bldg. Supply.
 Danny Keith Clearman, Decatur, MS, for Mid South Lumber Inc.
 J. Price Coleman, Bradley Witherspoon Smith, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Mississippi Hardware Co. and Seabrook Paint Co. of Mississippi.
 William Lee Guice, III, Rushing & Guice, Biloxi, MS, for Phillips Bldg. Supply Inc.
 Stephen L. Thomas, Bradley, Arant, Rose & White, Norman E. Bailey, Jr., Robert L. Gibbs, Brunini, Gratham, Grower & Hewes, Jackson, MS, Phillip Mark Crane, Lawrence B. Finn, Chad Michael Tuschman, Segal, McCambridge, Singer & Mahoney, Chicago, IL, for Sears Roebuck & Co.
 Edley Hicks Jones, III, Law Office of Edley H. Jones, III, Ridgeland, MS, for Wal-Mart Associates Inc.
 C. Everette Boutwell, Laurel, MS, for Walters Salvage Inc.
 Robert Raul Stephenson, Reeve G. Jacobus, Jr., Williford, McAllister & Jacobus, Jackson, MS, for Porters Paint.
 Lucien C. Gwin, Jr., Gwin, Lewis & Punches, Natchez, MS, for Pittsburg Coating.
 Petition for Writ of Mandamus to the United States District Court for the Southern District of Mississippi.
 Before JOLLY, JONES and PARKER, Circuit Judges.
 
 BY THE COURT:
 
 1
 IT IS ORDERED that the petition for writ of mandamus is Denied Without Prejudice.
 
 
 2
 Petitioners' motion is framed around the district court's failure to address whether diversity jurisdiction was fraudulently defeated because among the seventeen plaintiffs herein, who have nothing in common with each other, only four have asserted claims that relate in any way to the nondiverse defendants. It may thus be contended that the other thirteen did raise claims cognizable in diversity jurisdiction. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir.1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir.2000). Further, it might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction. See Tapscott id. (holding misjoinder may be as fraudulent as the joinder of a resident against whom a plaintiff has no possibility of a cause of action). The district court no doubt inadvertently overlooked that this point was timely raised, but the point cannot be ignored, since it goes to the court's jurisdiction and to the defendants' rights to establish federal jurisdiction following removal. Because we are confident that the able district court did not intend to overlook a feature critical to jurisdictional analysis, there is no reason to grant mandamus relief at this time.
 
 
 3
 ROBERT M. PARKER, Circuit Judge, specially concurring:
 
 
 4
 I concur only in the result of the order that denies the petition for mandamus.