John Henry SWEENEY; Rickey Lewis; Earnest Lewis; Phillip Owens; George A. Harris; Roosevelt Lewis; and John Gaines Plaintiffs

v.

The SHERWIN WILLIAMS COMPANY; CNA Holdings, Inc., F/K/A Devoe & Raynolds Paints; Millennium Inorganic Chemicals, Inc., F/K/A Glidden Paints; Benjamin Moore & Company; PPG Industries, Inc., D/B/A and Successor in Interest to Pittsburgh Paints; Seabrook Paint Company of Mississippi; Mobile Paint Manufacturing Company of Delaware, Inc.; and, Evans Investments, Inc., F/K/A Evans Lumber Company; and John Does 1–10 Defendants

No. CIV.A.3:03CV602BN.

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 26, 2004.

Timothy W. Porter, Porter & Malouf, Jackson, MS, Michael J. Casano, Foxworth & Casano, P.A., Gulfport, MS, for Plaintiffs.

John G. Corlew, Katherine K. Smith, Julie L. Hussey, Watkins & Eager, Jackson, MS, Robert S. Walker, Jones, Day, Reavis & Pogue, Cleveland, OH, Peter Larkin Doran, Jeffrey P. Hubbard, Wells, Moore, Simmons & Hubbard, Jackson, MS, James E. Upshaw, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, William H. Gillon, IV, Upshaw, Williams, Biggers, Beckham & Riddick, Ridgeland, MS, Donald M. Lewis, Michael T. Nilan, Amanda Cialkowski, Halleland, Lewis, Nilan, Sipkins & Johnson, Minneapolis, MN, Dudley Collier Graham, Jr., Jeremy L. Birdsall, Wise, Carter, Child & Caraway, Mark W. Garriga, W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Michael J. Sweeney, Dickie, McCamey & Chilcote, Pittsburg, PA, Robert O. Allen, Allen, Allen, Boerner & Breeland, Brookhaven, MS, Paul E. Rogers, Paul Rogers, Attorney, William N. Reed, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Jackson, MS, for Defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiffs' Motion to Remand. After considering the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds

that the Motion is well taken and that it should be granted.

## I. Factual Background and Procedural History

All Plaintiffs in this cause have work histories involving painting, scraping paint and sanding painted surfaces. Some of the paints allegedly contained lead. Plaintiffs contend that the lead based paints were manufactured, distributed, sold and/or supplied by the Defendants herein. Plaintiffs further contend that

> [a]s a direct and proximate result of having inhaled, ingested or otherwise been exposed to lead containing paints manufactured, sold, distributed and/or supplied by the Defendants, the Plaintiffs have received severe injuries and an increased susceptibility to physical, mental, intellectual, emotional, sexual and reproductive diseases, defects, damages, disorders, cancers and death, among other injuries.

Second Amended Complaint, p. 2, ¶ 9. Based on these allegations, Plaintiffs filed suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on December 30, 2002.[1] On April 30, 2003, Defendants removed the case to this Court on diversity of citizenship grounds.

All of the Plaintiffs are adult resident citizens of the State of Mississippi. The Defendants are divided into two groups for purposes of this Opinion and Order. The first group consists of Seabrook Paint Company of Mississippi (hereinafter "Seabrook Mississippi") and Evans Investments, Inc., f/k/a Evans Lumber Company (hereinafter "Evans"). Both of these Defendants are resident citizens of the State of Mississippi for purposes of this jurisdictional analysis. Plaintiffs allege that Seabrook Mississippi and Evans sold the lead based paint to them, or to the businesses at which they worked. Defendants contend that both Seabrook Mississippi and Evans were fraudulently joined. The second group of Defendants includes the businesses which allegedly manufactured the lead based paint used by Plaintiffs. This group of Defendants is collectively referenced as "the manufacturing Defendants." The manufacturing Defendants are all foreign corporations. In addition to Defendants' claim that Seabrook Mississippi and Evans were fraudulently joined, Defendants also contend that Plaintiffs fraudulently misjoined their claims for the purpose of defeating federal jurisdiction.

Plaintiffs filed the subject Motion to Remand on May 28, 2003. The Motion to Remand is now ripe for consideration by the Court.

## II. Fraudulent Joinder Standard

■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin*, 882 F.2d at 190. To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."

---

1. The claims stated in the Complaint are: (1) strict liability; (2) negligence; and (3) fraudulent concealment / misrepresentation / conspiracy. The *ad damnum* clause of the Complaint does not state a specific dollar amount of damages sought by Plaintiffs.

*Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir.2000).

■ In *Travis*, the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical.

*Travis*, 326 F.3d at 648 (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *Badon*, 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is

no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant." *Id.*

■ When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992), but *"only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon*, 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan*, 989 F.2d at 816.

### III. Analysis—Fraudulent Joinder

Diversity of citizenship jurisdiction requires satisfaction of the following two factors: (1) amount in controversy; and (2) diversity of citizenship. These requirements are set forth in 28 U.S.C. § 1332(a), which states in relevant part "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States...." Although the *ad damnum* clause of the Complaint does not state a specific dollar amount of damages sought by Plaintiffs, Defendants' Notice of Re-

moval states that potential damages exceed $75,000, and Plaintiffs do not contest that allegation. Based on Plaintiffs' silence on the issue, and based on the nature of the claims in this case, the Court finds that the amount in controversy requirement of § 1332(a) is met. The issue to be resolved is whether the non-diverse Defendants, Seabrook Mississippi and Evans, were fraudulently joined. If Plaintiffs assert a cause of action for which relief may be granted in Mississippi state court against *either* of these Defendants, then the case must be remanded to state court. As analyzed below, a potentially viable cause of action is asserted against Evans.

Defendants were allowed to proceed with remand related discovery in this case. During the discovery period, all Plaintiffs were deposed by Defendants. Defendants contend that Plaintiffs' own deposition testimony proves that Plaintiffs have asserted no cause of action for which relief may be granted in Mississippi state court. The Court disagrees.

■ On July 28, 2003, Defendants deposed Plaintiff Earnest Lewis. A copy of Lewis' deposition transcript is attached as Exhibit "G" to Defendants' Response to Plaintiffs' Motion to Remand. Lewis testified that he occasionally accompanied his employer when paint was purchased. Lewis Deposition, p. 38. The Sherwin–Williams paint cans had labels that identified the contents as lead based paint. *Id.* at 41. One of the stores at which the Sherwin–Williams paint was purchased was Evans. *Id.* at 43. Lewis' deposition testimony is sufficient to support a finding that at least one of the Plaintiffs asserted a claim against at least one of the in-state Defendants for which relief may be grant-

ed in Mississippi state court. Accordingly, Defendants' fraudulent joinder argument fails.

## IV. Analysis—Fraudulent Misjoinder

Defendants also argue that this Court has jurisdiction over the case because Plaintiffs fraudulently misjoined their claims. Misjoinder of plaintiffs was first adopted by the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). The *Tapscott* court held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Id.* at 1360. However, mere misjoinder is insufficient to raise to the level of fraudulent misjoinder. *Id.* To constitute fraudulent misjoinder, the misjoinder must represent totally unsupported, or "egregious" misjoinder.[2] *Id.; In re Diet Drugs*, No. Civ. A. 98–20478, 1203, 1999 WL 554584 at *3 (E.D.Pa. July 16, 1999). Citing *Tapscott*, the Fifth Circuit recently adopted the misjoinder of plaintiffs theory. *In Re: Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir.2002) (holding that "misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction").

In *Coleman v. Conseco, Inc.*, 238 F.Supp.2d 804 (S.D.Miss.2002) (Barbour, J.), this Court analyzed its first case involving fraudulent misjoinder, as adopted by the Fifth Circuit in *Benjamin Moore.* As an initial issue in *Coleman*, the Court considered whether it should apply Rule 20 of the Mississippi Rules of Civil Procedure, or Rule 20 of the Federal Rules. Al-

---

**2.** Although the misjoinder in *Tapscott* involved the egregious misjoinder of defendants, its rational also applies to misjoinder of plaintiffs. *Koch v. PLM Int'l, Inc.*, No. Civ. A. 97–0177–BH–C, 1997 WL 907917 at *2

(S.D.Ala. Sept. 27, 1997); *Lyons v. The Am. Tobacco Co., Inc.*, No. Civ. A. 96–0881–BH–S, 1997 WL 809677 at *4 (S.D.Ala. Sept. 30, 1997).

though the language of both Rules is functionally identical,[3] case law interpretations of Mississippi Rule 20 are far more liberal than case law interpretations of Federal Rule 20 in regard to joinder of plaintiffs and claims.[4] In *Coleman*, this Court concluded that Federal Rule 20 should apply. However, based on the analysis presented in two published opinions rendered after *Coleman* the Court is now convinced that Mississippi Rule 20, rather than Federal Rule 20 should apply in a fraudulent misjoinder analysis.

3. With the exception of the emphasized language, both the Federal Rule and the Mississippi Rule state:
   All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons *(and any vessel, cargo or other property subject to admiralty process in rem)* may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.
   Fed.R.Civ.P. 20(a) and Miss R. Civ. P. 20(a)(emphasized language appearing only in Fed.R.Civ.P. 20(a)).

4. Liberally construing a Rule 20 joinder question, the Mississippi Supreme Court in *Am. Bankers Ins. Co. of Florida v. Alexander*, 818 So.2d 1073, 1078 (Miss.2001) found that "[t]his Court has, in the past, taken notice of the unavailability of class actions and has liberalized the rules of civil procedure at times in order to better accommodate parties who are consequently shut out of the legal system." In *Am. Bankers*, the court allowed joinder of 1,371 borrowers (plaintiffs) against

On February 5, 2003, Judge David Bramlette rendered an opinion in *Jamison v. Purdue Pharma Co.*, 251 F.Supp.2d 1315 (S.D.Miss.2003). In *Jamison*, the court was not required to decide whether it should apply Mississippi Rule 20 or Federal Rule 20 in a fraudulent misjoinder analysis. However, in dicta, the *Jamison* court provided an in-depth analysis of the issue, as follows:

The Court nevertheless notes that it finds the conclusion reached in *Conk* persuasive[5]. While acknowledging the

a lender and collateral protection insurer. Citing *Am. Bankers*, the Mississippi Supreme Court in *Illinois Cent. R.R. Co. v. Travis*, 808 So.2d 928, 933 (Miss.2002), again reiterated that it utilizes "a liberal approach toward joinder." The holdings in *Am. Bankers* and *Illinois Cent.* are supported by the Comment to Mississippi Rule 20, which states "[t]he general philosophy of the joinder provisions of these rules is to allow *virtually unlimited* joinder at the pleading stage...." (emphasis added).

5. In *Conk v. O'Neil* [77 F.Supp.2d 956 (S.D.Ind.1999) (Hamilton, J.)], the district court stated that *Tapscott* notwithstanding,
   the court is not persuaded that the Federal Rules of Civil Procedure provide the governing legal standard. After all, when [the plaintiff] filed his complaint in the [state] court, he was not required to comply with the Federal Rules of Civil Procedure in terms of joinder of parties or claims ... [T]he court believes the controlling standard is essentially the same that applies to fraudulent joinder: Is there a reasonable possibility that a state court would find that Conk's claims against Leonard were properly joined with his claims against the other defendants?
   Id. at 971.
   Thus, the court in *Conk* concluded that the correct standard for determining proper joinder, *in a case removed from state court*, should be one analogous to the fraudulent joinder standard, i.e., whether there is a reasonable possibility that a state court would find that the plaintiff has stated a viable cause of action against the resident defendant.

clear statement of Rule 81(c), applying the federal rules to cases removed from state court, this Court is also aware of Rule 82's admonition that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the [district courts]." Fed.R.Civ.P. 82. In this Court's opinion, a district court may run afoul of Rule 82 when it uses a federal rule to sever the claims in a removed case, if those claims were *properly joined under state law when the suit was originally filed.* Such a reshaping of the action by the district court creates jurisdiction where it did not previously exist. The Fifth Circuit has said,

> [w]e must be ever mindful that any rule or decision allowing a federal court to act without subject matter jurisdiction conflicts irreconcilably with basic principles of federal court authority.... The appropriate course is to examine for subject matter jurisdiction constantly and, if it is found lacking, to remand to state court if appropriate, or otherwise to dismiss.

*Marathon Oil Co. v. Ruhrgas, A.G.,* 115 F.3d 315, 318 (5th Cir.1997).

In the instant case, the defendant has removed an action that, as pleaded, does not exhibit complete diversity. If the defendant has removed the action because the resident doctor has been fraudulently misjoined, the misjoinder of claims must have existed under Mississippi's Rule 20 when the action was brought. It makes little sense to say that the resident doctor's joinder became fraudulent only after removal and only under the *federal rule.*

The approach suggested by *Conk* avoids these difficulties. This approach allows severance of claims only when

*Jamison,* 251 F.Supp.2d at 1321 (emphasis in original).

those claims were improperly joined under state law at the action's inception. This approach shares the same conceptual rationale underlying the doctrine of fraudulent joinder. In both instances, the court, in examining its own jurisdiction, attempts to identify an infirmity in the plaintiff's complaint, *under the law of the state in which it was originally brought.* For fraudulent joinder, this infirmity is the failure to state a viable cause of action against a nondiverse defendant; for fraudulent misjoinder, the infirmity is the failure to comply with the state rules of joinder. Stated differently, under both the traditional fraudulent joinder analysis and the *Conk* approach, the district court simply looks to what the state court would do. Thus there is no use of Federal Rule 20 to create jurisdiction that did not previously exist. Rather, the district court simply recognizes the contours of its own jurisdiction in relation to the action as it was originally brought.

The Court notes that under the *Conk* standard, the result in *Tapscott* would likely have been the same, since the joinder of two (2) unrelated class actions would almost certainly have been misjoinder under the Indiana rule as well. The difference, however, is that under the *Conk* approach there is neither danger of aggrandizement of federal jurisdiction nor an affront to the notion of federalism.

*Jamison,* 251 F.Supp.2d at 1321, n. 6 (emphasis in original). In summary, the *Jamison* court found in dicta that application of Federal Rule 20 in a fraudulent misjoinder analysis violates the Rule 82 prohibition on utilizing the Federal Rules of Civil Procedure to expand the jurisdiction of a federal court.[6] This Court agrees with the

6. This finding is supported by the 1937 Advisory Committee Note to Federal Rule 20, which states in relevant part "[t]he provisions of this rule for the joinder of parties are

reasoning set forth in *Jamison.*

The second case decided since *Coleman,* which analyzes application of Federal Rule 20 versus Mississippi Rule 20 in a fraudulent misjoinder analysis is *In re Bridgestone/Firestone, Inc.,* 260 F.Supp.2d 722, 728–29 (S.D.Ind.2003). In *Bridgestone/Firestone,* a case decided under Mississippi law, the United States District Court for the Southern District of Indiana applied Mississippi Rule 20 in a fraudulent misjoinder analysis. Citing *Conk (see supra,* footnote 5), the *Bridgestone/Firestone* court rejected this Court's analysis in *Coleman.* That is, the *Bridgestone/Firestone* court found that when a complaint is originally filed in state court, the proper analysis is whether joinder was proper under the applicable state rule, not the applicable federal rule.

■ Based on the analysis in *Jamison* and in *Bridgestone / Firestone,* the Court finds that application of Federal Rule 20 in a fraudulent misjoinder analysis, as adopted in *Coleman,* is incorrect. The Court therefore abrogates that particular ruling in *Coleman.* Accordingly, the Court finds that Mississippi Rule 20 and supporting case law interpretations of Mississippi Rule 20 should be utilized in a fraudulent misjoinder analysis.

■ Based on application of Mississippi Rule 20 to the facts of this case, the Court finds that neither the Plaintiffs nor the Plaintiffs' claims were fraudulently misjoined. In the context of Mississippi case law interpretations of Mississippi Rule 20, the claims arose out of the same transactions or occurrences, and the claims involved common questions of law or fact. *See, Am. Bankers,* 818 So.2d 1073; *Illinois*

subject to Rule 82 (Jurisdiction and Venue

*Cent.,* 808 So.2d 928. As these requirements for proper joinder of plaintiffs and claims are met, Defendants' fraudulent misjoinder argument fails.

## V.  Conclusion

Based on the analysis presented above, the Court finds that at least one Plaintiff has asserted at least one cause of action against an in-state Defendant for which relief may be granted by a Mississippi state court. The Court also finds that neither the Plaintiffs, nor the Plaintiffs' claims were improperly joined in this case. As a result, Plaintiffs' Motion to Remand must be granted.

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Remand [14–1] is hereby granted. The Clerk of the Court is directed to remand this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that any other motion(s) outstanding in this case that were filed before the date of this Opinion and Order are dismissed without prejudice because this Court does not have jurisdiction to decide them. The movant(s), of course, may refile the dismissed motions in state court upon remand.