Angela BURRELL; Philip Pate; and
Jesse Earl Friar Plaintiffs

v.

FORD MOTOR COMPANY; East Ford,
Inc.; Don Fancher Autos, Inc.; and
and Fictitious Defendants "A"—"Z"
Defendants

No. CIV.A. 3:03CV542BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 10, 2004.

Edward Blackmon, Jr, Blackmon & Blackmon Law Firm, Canton, Mark I. Burton, Burton & Burton, PLLC, Kosciusko, Robert G. Clark, III, Law Office of Robert G. Clark, III, Lexington, for Angela Burrell, Phillip Pate, Jesse Earl Friar, plaintiffs.

Walker W. Jones, III, Terence L. High, Barry Wayne Ford, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Brenda B. Bethany, Daniel, Coker, Horton & Bell, George Ellis Abdo, III, William Bienville Skipper, Daniel, Coker, Horton & Bell, Frederick N. Salvo, III., Baker, Donelson, Bearman, Caldwell & Berkowitz,

PC, Jackson, Lawrence D. Wade, Campbell, Delong, Hagwood & Wade, Greenville, for Ford Motor Credit Company, East Ford, Inc., Don Fancher Autos, Inc., John Does, A–Z, whose names are unknown to plaintiffs at this time, but will be substituted by amendment when ascertained, Walter Rose, M.D., defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiffs' Motion to Remand. Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that the Motion to Remand should be granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs brought this action to recover for personal injuries and property damages arising out of automobile accidents. Defendants are the manufacturers and sellers of the automobiles. Plaintiffs allege that Defendants manufactured and sold them automobiles with defective ignition systems which caused the cars to stall, resulting in the subject accidents. Plaintiffs claim that Defendants knew about the defects and actively sought to conceal them.

The claims in the Complaint are strict liability, fraudulent concealment, deceptive trade practices, deceptive advertising, negligence, breach of implied and express warranties, negligent misrepresentation, and civil conspiracy.

The lawsuit was originally filed in the Circuit Court of Holmes County, Mississippi, on December 27, 2002. The case was timely removed to this Court on April 17, 2003. Plaintiffs filed the subject Motion to Remand on May 16, 2003. Remand related discovery and briefing have now been completed. The Motion to Remand is now ripe for consideration by the Court.

## II. ANALYSIS

### A. Diversity of Citizenship

This case was removed based on 28 U.S.C. § 1332, diversity of citizenship jurisdiction. Diversity of citizenship jurisdiction requires satisfaction of the following two factors: (1) amount in controversy; and (2) diversity of citizenship. These requirements are set forth in 28 U.S.C. § 1332(a), which states in relevant part "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States. . . ."

The Complaint does not specify a dollar amount of damages sought by Plaintiffs. However, in their Memorandum Brief in Support of Motion to Remand, Plaintiffs stipulate that the amount in controversy exceeds $75,000. Therefore, the Court finds that the amount in controversy requirement of § 1332(a) is met.

Plaintiffs are Mississippi residents. Defendant Ford Motor Company (hereinafter "Ford") is a Delaware corporation whose principal place of business is in Michigan. Defendants East Ford, Inc. (hereinafter "East Ford") and Don Fancher Autos (hereinafter "Don Fancher") are Mississippi corporations with their principle places of business in Mississippi. One of the issues to be resolved in this case is whether East Ford and Don Fancher were fraudulently joined, thus destroying the diversity of citizenship prong of § 1332(a). The other issue is whether Plaintiffs' claims were fraudulently misjoined. Both of these issues are analyzed below.

## B. Fraudulent Joinder Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin*, 882 F.2d at 190. To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir.2000).

In *Travis*, the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

[T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical.

*Travis*, 326 F.3d at 648 (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *Badon*, 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992), but "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon*, 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities

of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan*, 989 F.2d at 816.

## C. Fraudulent Joinder Analysis

■ If any one of the three Plaintiffs have asserted at least one viable claim against either East Ford or Don Fancher, then this Court cannot exercise jurisdiction over the case under Defendants' fraudulent joinder arguments. Plaintiff Friar did assert a claim against Defendant East Ford for which a Mississippi state court *may* grant relief.

Friar purchased a 1994 Ford Tempo from East Ford in November 1994. Complaint, p. 6, ¶ 21. Friar began experiencing problems with the car engine dying unexpectedly. *Id.* East Ford repaired the vehicle, but failed to inform Friar that the problem resulted from a faulty ignition system. *Id.* at p. 7, ¶ 21. After the Tempo was repaired by East Ford, Friar began experiencing the same problems again. *Id.* In March 2001, Friar crashed the Tempo into an embankment and allegedly suffered physical injuries.[1] *Id.* Friar alleges that the accident was caused when the engine of his Tempo stalled. *Id.*

Count four of Plaintiffs' Complaint alleges negligence against all Defendants. Regarding the negligence claim against East Ford, Plaintiffs allege that "East Ford, Inc.,...negligently/wantonly failed to disclose vital information to Plaintiffs and Plaintiffs have suffered damages as a proximate result of their negligence/wantonness." Complaint, p. 23, ¶ 95. The language in this count of the Complaint alleges a potentially viable cause of action for the failure of East Ford to inform Friar about the defective ignition system.

Based on these allegations, the Court finds that the Complaint states at least one claim against a non-diverse Defendant for which a Mississippi state court *may* grant relief. Accordingly, Defendants' fraudulent joinder arguments are not well taken.

## D. Fraudulent Misjoinder Standard

■ Defendants also argue that this Court has jurisdiction over the case because Plaintiffs fraudulently misjoined their claims. Misjoinder of plaintiffs was first adopted by the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). The *Tapscott* court held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Id.* at 1360. However, mere misjoinder is insufficient to raise to the level of fraudulent misjoinder. *Id.* To constitute fraudulent misjoinder, the misjoinder must represent totally unsupported, or "egregious" misjoinder.[2] *Id.; In re Diet Drugs*, No. Civ. A. 98–20478, 1203, 1999 WL 554584 at *3 (E.D.Pa. July 16, 1999). Citing *Tapscott*,

---

1. Defendants contend that Friar never pled that he suffered personal injuries. Based on the clear language in the Complaint, Defendants are mistaken. Also, in his deposition, Friar stated that he "cracked some ribs" as a result of the accident. Plaintiffs' Rebuttal, Exhibit "C," Excerpts form Friar's Deposition, p. 18.

2. Although the misjoinder in *Tapscott* involved the egregious misjoinder of defendants, its rationale also applies to misjoinder of plaintiffs. *Koch v. PLM Int'l, Inc.*, No. Civ. A. 97–0177–BH–C, 1997 WL 907917 at *2 (S.D.Ala. Sept. 27, 1997); *Lyons v. The Am. Tobacco Co., Inc.*, No. Civ. A. 96–0881–BH–S, 1997 WL 809677 at *4 (S.D.Ala. Sept. 30, 1997).

the Fifth Circuit recently adopted the misjoinder of plaintiffs theory. *In Re: Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir.2002) (holding that "misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction").

In *Sweeney v. The Sherwin Williams Company*, 304 F.Supp.2d 868, 2004 WL 184260 (S.D.Miss.2004) (Barbour, J.), this Court analyzed a case involving fraudulent misjoinder, as adopted by the Fifth Circuit in *Benjamin Moore*. In *Sweeney*, the Court considered whether it should apply Rule 20 of the Mississippi Rules of Civil Procedure, or Rule 20 of the Federal Rules. This Court concluded that Mississippi Rule 20, rather than Federal Rule 20, should apply in a fraudulent misjoinder analysis.

This distinction is important because although the language of both Rules is functionally identical,[3] case law interpretations of Mississippi Rule 20 are far more liberal than case law interpretations of Federal Rule 20 in regard to joinder of plaintiffs and claims. For example, in *Am. Bankers Ins. Co. of Florida v. Alexander*, 818 So.2d 1073, 1078 (Miss.2001) the Mississippi Supreme Court analyzed Mississippi Rule 20 and found that "[t]his Court has, in the past, taken notice of the unavailability of class actions and has liberalized the rules of civil procedure at times in order to better accommodate parties who are con-

sequently shut out of the legal system." In *Am. Bankers*, the court allowed joinder of 1,371 borrowers (plaintiffs) against a lender and collateral protection insurer. Citing *Am. Bankers*, the Mississippi Supreme Court in *Illinois Cent. R.R. Co. v. Travis*, 808 So.2d 928, 933 (Miss.2002), again reiterated that it utilizes "a liberal approach toward joinder." The holdings in *Am. Bankers* and *Illinois Cent.* are supported by the Comment to Mississippi Rule 20, which states "[t]he general philosophy of the joinder provisions of these rules is to allow *virtually unlimited* joinder at the pleading stage . . . ." (emphasis added).

This Court will analyze the subject fraudulent misjoinder issues in accordance with Mississippi Rule 20 and the holdings in *Am. Bankers* and *Illinois Cent.*

E. Fraudulent Misjoinder Analysis

 The three Plaintiffs in this case all allege that their injuries arose out of the installation of defective ignition systems in their Ford automobiles. Under the joinder provisions of Mississippi Rule 20, as interpreted by *Am. Bankers* and *Illinois Cent.*, the Court finds that Plaintiffs claims are sufficiently related to withstand Defendants' fraudulent misjoinder arguments. Accordingly, the Court cannot exercise jurisdiction over this case based on Defen-

---

**3.** With the exception of the emphasized language, both the Federal Rule and the Mississippi Rule state:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons *(and any vessel, cargo or other property subject to admiralty process in rem)* may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative,

any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a) and Miss R. Civ. P. 20(a) (emphasized language appearing only in Fed. R.Civ.P. 20(a)).

dants' theory of fraudulent misjoinder of claims.

## III. CONCLUSION

Defendants contend that this case should be remanded based on: (1) fraudulent joinder of the non-diverse Defendants; and (2) fraudulent misjoinder of Plaintiffs' claims. As analyzed above, neither of these arguments is well taken. At least one of the Defendants asserted at least one claim for which relief may be granted in state court, and Plaintiffs' claims were not misjoined under the standards of Mississippi Rule 20. Accordingly, Plaintiffs' Motion to Remand must be granted.

IT IS THEREFORE ORDERED that the Plaintiffs' Motion to Remand [10–1] is hereby granted. The Clerk of the Court is directed to remand this case to the Circuit Court of Holmes County, Mississippi.