**JYC ENTERPRISE INC., Plaintiff,**

v.

**ALLIED PROPERTY AND CASUALTY INSURANCE, et al., Defendants.**

**Civil Action No. H–16–2437**

United States District Court, S.D. Texas, Houston Division.

Signed January 10, 2017

Entered January 11, 2017

John Lawrence Hubble, Hubble Pistorius, Dallas, TX, for Plaintiff.

Robert G. Wall, Patrick M. Kemp, Segal McCambridge Singer & Mahoney, Ltd., Austin, TX, for Defendants.

## ORDER

DAVID HITTNER, United States District Judge

Pending before the Court is Plaintiff's Motion to Remand and Memorandum in Support of Remand (Document No. 6). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied and the claims against Bay Area Fire & Safety Inc. should be severed and remanded.

This case arises out of fire damage to Plaintiff JYC Enterprise Inc.'s ("JYC") commercial property in Houston, Texas. JYC is a Texas citizen. On August 18, 2014, a commercial fryer started on fire causing JYC property damage and business interruption losses. Defendant Allied Property and Casualty Insurance Company ("Allied") issued JYC a commercial insurance policy for the property. Allied is an Ohio citizen. To date, Allied has paid to JYC amounts for the following coverage categories under the policy: (1) $1,415,661.25 for Building; (2) $846,448.75 for Business Personal Property; and (3) $2,114,126.00 for Business Income. JYC only disputes the sufficiency of payment in the Business Income category. Allied's adjuster, Defendant David Craig Heller ("Heller"), was also named in the suit as to allegations that his conduct resulted in the underpayment of benefits. Heller is a Kansas citizen. To date, Heller has not been served.[1] Defendant Bay Area Fire & Safety, Inc. ("Bay Area Fire") maintained the hood and Ansul fire suppression system for JYC. Bay Area Fire is a Texas citizen. At some point prior to the fire, Bay Area Fire performed an inspection of the system.

On June 17, 2016, JYC filed suit against Allied, Heller, and Bay Area Fire in the 127th District of Harris County, Texas. JYC asserted claims against Allied and Heller as to the sufficiency of the payment under the policy for Business Income losses and as to disputes about the policy's coverage. JYC asserted a claim against Bay Area Fire for negligence in its inspection of the fire suppression system. On August 10, 2016, Allied removed the case to this Court asserting that Bay Area Fire had been fraudulently misjoined, and therefore, the Court had diversity jurisdiction. On September 8, 2016, NYC moved for remand asserting there was a common basis for the claims against the parties arising from liability for the fire damage. Allied responded, contending that because the claim against Bay Area Fire was fraudulently misjoined, the Bay Area Fire

---

1. Allied asserts any claims against it and Heller should be evaluated together. Allied only disputes the propriety of Bay Area Fire's joinder. *See Defendant Allied Property and Casualty Insurance Company's Response to Plaintiff's Motion to Remand,* Document No. 9, ¶ 4.

claim should be severed and remanded to state court.

■ Fraudulent misjoinder occurs when "(1) one party [has] been misjoined with another party in violation of the applicable state's joinder rules; and (2) [the] any misjoinder sufficiently 'egregious' to rise to the level of a fraudulent misjoinder." *Martinson v. Total Petrochems. & Ref. USA, Inc.*, No. H–14–555, 2014 WL 2169970, at *2 (S.D. Tex. May 23, 2014) (Miller, J.) (citing cases within the Fifth Circuit applying the analysis for fraudulent misjoinder adopted in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).[2] Under Texas Rule of Civil Procedure 40, parties may be joined together as defendants in an action "if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." TEX. CIV. P. 40(a). While there is no generally applicable standard for determining whether the misjoinder is so egregious as to be fraudulent, courts within the Fifth Circuit have found fraudulent misjoinder where "a single plaintiff or group of plaintiffs has joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated." *Li v. Fid. Inv. Ltd.*, No. CV 4:15–3248, 2015 WL 9583991, at *4 (S.D. Tex. Dec. 31, 2015) (Atlas, J.) (quoting *Tex. Instruments Inc. v. Citigroup Glob. Mkts., Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010) (Fish, J.)).

■ The claims against Allied and Bay Area Fire do not arise out of the same transaction or occurrence, nor do claims against the two Defendants share a question of law or fact. The claims against Allied arise out of a dispute over the value of the Business Income losses NYC is entitled to reimbursement for under the insurance policy. The event giving rise to a right to relief is the contractual dispute over coverage. The fire may have triggered the dispute about coverage under the policy, but Allied does not dispute whether the fire occurred or its liability to provide reimbursement for the losses under NYC's policy. Instead the dispute turns on the amount of reimbursement under the policy for Business Income losses. The amount of Business Income losses does not turn on any legal or factual question about the fire's cause.

The claims against Bay Area Fire turn on whether its negligence caused the fire and subsequent losses. There is no allegation that Allied would be entitled to seek reimbursement from Bay Area Fire, if it is in fact held liable, for the amounts paid out under NYC's policy with Allied. Nor is there any allegation NYC's right to coverage under the Allied policy turns on first seeking relief from Bay Area Fire or that Bay Area Fire caused Allied's alleged failure to perform under the contract. NYC's right to relief against Allied arises pursuant to the contract. No right to relief against Bay Area Fire arises under the Allied policy. The claims against the two Defendants are factually and legally distinct. Asserting factually and legally distinct claims is sufficiently egregious to find misjoinder fraudulent. Accordingly, the Court finds that Bay Area Fire was fraudulently misjoined, denies NYC's motion to remand, and orders that the misjoined claims against Bay Area Fire be severed and remand to state court. The Court re-

---

**2.** While the Fifth Circuit has yet to explicitly adopt the *Tapscott* analysis, the Circuit has favorably cited *Tapscott*'s reasoning in dicta.

*See In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002).

tains the claims against Allied and Heller because diversity jurisdiction exists.

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand and Memorandum in Support of Remand (Document No. 6) is **DENIED.** Furthermore, the Court hereby

**ORDERS,** based on the finding of fraudulent misjoinder, the claims against Bay Area Fire & Safety Inc. are **SEVERED** and **REMANDED** to the 127th Judicial District, Harris County, Texas.