SMITH, Chief Justice,
Dissenting.
¶ 8. The plurality accurately identifies, the issue in this appeal as whether the allegation of fraudulent concealment asserted in the plaintiffs’s complaint must be stated with particularity under M.R.C.P. 9(b).[2] The complaint merely sets forth the term “fraudulent concealment,” and does not aver such fraud with particularity in the amended complaint, as required by M.R.C.P. 9(b).
¶ 9. The plurality also points out that both the plaintiffs and the circuit court in this matter rely on this Court’s opinion in Smith v. Franklin Custodian Funds, Inc., 726 So.2d 144 (Miss.1998), to support their contentions. Smith states:
*947 the statute of limitations is an affirmative defense. Our rule does not provide for a responsive pleading after the assertion of an affirmative defense. M.R.C.P. 7(a). The comment to Rule 7 states: ‘Affirmative defenses in the answer are deemed denied or avoided, and a reply is required if the answer contains a counterclaim denominated as such. Otherwise, a reply is unauthorized and may be stricken or disregarded.’ Comment, M.R.C.P. 7. Fraudulent concealment raised in response to the statute of limitations defense is not to be plead at all.”
Id. at 147. However, the language at issue is merely dicta, as evidenced by the preceding passage in Smith,
Franklin Funds notes that Mississippi Rule of Civil Procedure 12(b)[3] requires that fraud be pled with particularity. Franklin Funds maintains that as a species of fraud, fraudulent concealment must also be pled with particularity. This argument is brought for the first time on appeal. It is well settled that this Court will not address issues raised for the first time on appeal.
Id. (Citations omitted). The plurality does not expressly rely on Smith, and fails to cite any viable authority in support of its contentions.
¶ 10. The plurality astutely notes that a failure to sufficiently plead fraudulent concealment will result in the complaint being dismissed. Stephens v. Equitable Life Assurance Soc’y, 850 So.2d 78 (Miss.2003); Coleman v. Conseco, Inc., 238 F.Supp.2d 804, 813 (S.D.Miss.2002). Further, “[f]raud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated.” Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss.1996). The plaintiffs in their brief to this Court submit that each element of fraudulent concealment is sufficiently pled with particularity, so that relief may be granted. Further, plaintiffs use a three-part test as set forth in Medicomp, Inc. v. Marshall, 878 So.2d 193 (Miss.Ct.App.2004). Although this Court is not bound by the Marshall opinion, the relaxed test Marshall sets forth is fatal to plaintiffs’ contentions that fraudulent concealment was present and tolled the statute of limitations in this instance. This test applies as follows, in order for tolling of the statute of limitations to occur due to a fraudulent concealment, this Court must find that: (1) State Industries knew that it had caused plaintiffs injuries; (2) State Industries engaged in affirmative acts to conceal its role in causing the injury; and (3) plaintiffs acted with due diligence in attempting to discover the cause of the injury, but were unable to do so because of State Industries’ affirmative acts of concealment. There is nothing in the record to indicate that even one of these prongs has been met.
¶ 11. Additionally, Marshall as is the case in the present matter decrees that “[plaintiff] only makes the allegation that pertinent facts were fraudulently concealed. He fails entirely to identify an act or conduct of an affirmative nature on the part of [defendant] that was designed to prevent and which did prevent discovery of the claim.” Id. at 198. More importantly, in Marshall, the Court of Appeals stated that “[i]t appears that the fraudulent concealment argument was advanced as a ‘savings’ option because without it the statute of limitations on negligence actions would have barred any action against [de *948 fendant] at that time.” Id. at 199. In my opinion the Court of Appeals was correct in its application of M.R.C.P. 9(b) in the Marshall case and that the same application should apply to the case at bar.
¶ 12. Furthermore, this Court stated in McMahon v. McMahon, 247 Miss. 822, 834, 157 So.2d 494 (1963),
no principle is more firmly settled or more familiar to the profession than that fraud will not he inferred or presumed, and cannot be charged in general terms, but that the specific and positive facts which constitute it must be distinctly any definitely averred, and it must be shown that defendants participated therein.
(citing Jones v. Rogers, 85 Miss. 802, 38 So. 742 (1905) (emphasis added)). This precedent essentially codifies the current M.R.C.P.' 9(b), which plaintiffs seek to circumvent in this instance.
¶ 13. The plurality thus concludes that fraudulent concealment asserted as a cause of action in a complaint must be pled with particularity under M.R.C.P. 9(b), yet claims of fraudulent concealment for tolling purposes do not require particularity. I see insufficient authority supporting the plurality’s tolling contention. It is apparent that if plaintiffs were allowed to merely allege fraudulent concealment to trump the statute of limitations then the statute, as well as M.R.C.P. 9(b), would be rendered meaningless. Statutes of limitation are vital to the judicial system because they encourage promptness in bringing actions and promote justice. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Therefore, in order to avoid such an undesired result the statute of limitations and M.R.C.P. 9(b) should be applied globally. Thus, fraudulent concealment must be pled with particularity.
¶ 14. Furthermore, under M.R.C.P. 12(b) there are certain defenses that need not be made in the answer, these defenses may be made by motion.[4] In the case at bar, under M.R.C.P. 12(b)(6) the plaintiff has failed to state a claim upon which relief can be granted on the face of the complaint, due to the expiration of the statute of limitations. Moreover, while plaintiffs are not required to anticipate affirmative defenses, they are required to plead a prima facie ease in their complaint in order to avoid dismissal. Without including more particular facts regarding fraudulent concealment as M.R.C.P. 9(b) requires, the plaintiffs’ complaint fails to state a claim upon which relief can be granted. Thus, plaintiffs’ complaint should have been dismissed in accordance with the defendant’s motion to dismiss under M.R.C.P. 12(b)(6).
¶ 15. I do not condemn the notion of refiling the complaint anew in this matter. However, unless the plaintiffs file a complaint that complies with the particularity requirements of M.R.C.P. 9(b), the complaint should not survive a motion to dismiss for failure to state a claim under M.R.C.P. 12(b)(6).
¶ 16. The plurality calls attention to the Comment to M.R.C.P. 9(b) which states, “ ‘[circumstances’ refers to matters such as the time, place, and contents of the false representation, in addition to the identity of the person who made them and what he obtained as a result.” (emphasis added by *949 plurality). Contrary to the plurality’s rationale, this comment does not set out a hardline test for discovering and pleading each and every circumstance associated with fraud. This language is not exclusive; it is merely illustrative.
¶ 17. The comment to M.R.C.P. 9(b) also states that “fraud will not be inferred or presumed and cannot be charged in general terms; the specific facts which constitute fraud must be definitely averred.”[5] The plaintiffs did not specifically aver the elements of fraudulent concealment. They merely offered general terms of fraudulent concealment randomly throughout her complaint in order to elude dismissal. Nevertheless, the plurality relies on these general terms. This does not comply with the rule.
¶ 18. The circuit court abused its discretion in failing to grant the motion to dismiss without prejudice. For the above-stated reasons, I cannot agree with the majority’s affirmance of the circuit court judgment. Therefore, this ease should be reversed. Accordingly, I respectfully dissent.
COBB, P.J., AND DICKINSON, J., JOIN THIS OPINION.

. The relevant sentence of M.R.C.P. 9(b) provides: “In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.” (Emphasis added).

. This Court's opinion in Smith mistakenly identifies M.R.C.P. 12(b) as requiring "that fraud be pled with particularity.” M.R.C.P. 9(b) is the rule.

. M.R.C.P. 12(b) provides in pertinent part:
Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
(6) Failure to state a claim upon which relief can be granted
(emphasis added).

. See McMahon, 247 Miss. at 834, 157 So.2d 494.